# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE LOCKLEAR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22CV00044 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **A. J. SMITH, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Christopher Lee Locklear, Pro Se Plaintiff.*

The plaintiff, proceeding pro se under 42 U.S.C. § 1983, has filed this action alleging civil rights violations. For the reasons that follow, I will dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

I.

The plaintiff, Christopher Lee Locklear, filed this action regarding his arrest and subsequent detention at the Southwest Regional Jail Authority. The plaintiff previously filed a motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). On the basis of the information set forth in Locklear's affidavit, I granted that motion. Because the plaintiff filed the Complaint in forma pauperis, I will address it sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (stating that sua sponte dismissals are

"freely permitted" under § 1915, citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

II.

A district court must dismiss a case filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charles Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

III.

The plaintiff's Complaint alleges that during the summer of 2022 he was staying in a hotel, The Knights Inn, in Chilhowie, Virginia. An officer asked him to leave, so the plaintiff relocated to the vacant lot beside the hotel without "further altercation." Compl. 2, ECF No. 3. The officer returned and arrested him for failing to comply. After the plaintiff arrived at the jail, he challenged his detention by raising

questions about bond, identity, and fingerprints. Subsequently, a state magistrate authorized the plaintiff's release "on [his] own signature" or recognizance. *Id*. He is seeking unspecified damages.

Construed liberally, the plaintiff alleges unlawful arrest and detention in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment protects people from unreasonable searches and seizures by requiring officials to have probable cause to believe an offense has been committed. U.S. Const. amend. IV. Any person acting under the color of state or federal law that deprives anyone of their rights under the Constitution may be liable to the injured party. 42 U.S.C. § 1983.

The Due Process Clause of the Fourteenth Amendment subjects state governments to the same restrictions that the Fourth Amendment imposes upon the federal government. *Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961). Under the Fourth Amendment, an arrest constitutes a seizure. *Henderson v. Simms*, 223 F.3d, 267, 272 (4th Cir. 2000). A lawful arrest requires probable cause. *Draper v. United States*, 358 U.S. 307, 310–11 (1959). Averring that police officers acting in their official capacity arrested a complainant without probable cause would sufficiently allege a violation of § 1983. But "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he

may, without violating the Fourth Amendment, arrest the offender." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (citation omitted).

Here, the plaintiff satisfies the requirement for averring a police officer acting under state law seized him. However, he fails to allege sufficient factual details to show that the officer lacked probable cause to believe he had committed an offense, or sufficient factual detail supporting a claim that his detention was constitutionally unreasonable.

## IV.

Accordingly, the plaintiff is granted leave to file an amended complaint setting forth additional facts supporting his claims within 21 days of this date. If he fails to do so, his case may be dismissed without further notice.

It is so **ORDERED.**

ENTER: January 31, 2023

/s/ JAMES P. JONES
Senior United States District Judge